IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PHILIP T. DACHENHAUSEN                                                    PLAINTIFF

v.                           CASE NO. 4:20-CV-01199-BSM

ASH GROVE CEMENT COMPANY;
ASH GROVE PACKAGING GROUP, INC.;
PRECISION PACKAGING, INC; and
MATERIALS PACKAGING CORPORATION                          DEFENDANTS

## ORDER

The motion of Ash Grove Packaging Group, Precision Packaging, and Materials

Packaging Corporation (the "subsidiary defendants") to dismiss [Doc. No. 8] is granted and

the subsidiary defendants are dismissed without prejudice.  Philip Dachenhausen's motion

to remand [Doc. No. 14] is denied because complete diversity jurisdiction exists between

Dachenhausen and the remaining defendant, Ash Grove Cement Company.

## I.  BACKGROUND

Dachenhausen filed this breach of contract suit against defendants in Pulaski County

Circuit Court, alleging that he suffered a "qualifying termination" under the Retention Award

and Severance Protection Letter Agreement that he entered with Ash Grove Cement

Company.  Compl. ¶¶ 10–13, Doc. No. 2.  The case was removed, which prompted the

subsidiary defendants' motion to dismiss and Dachenhausen's motion to remand.  *See* Doc.

Nos. 1, 8, 14.

## II.  DISCUSSION

The subsidiary defendants are dismissed and federal jurisdiction is retained because

Dachenhausen's complaint fails to state a colorable claim against the subsidiary defendants. *See Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977). Although any doubts about whether complete diversity jurisdiction exists should be resolved in favor of remand, Dachenhausen has not shown a "reasonable basis in fact and law" to overcome the subsidiary defendants' assertion of fraudulent joinder and support his motion for remand. *Wilkinson v. Shackleford*, 478 F.3d 957, 963 (8th Cir. 2007); *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). The parties agree that Kansas law governs the contract at issue herein. Br. Mot. Dismiss at 4, Doc. No. 9; Resp. Mot. Dismiss at 3–4, Doc. No. 16.

The subsidiary defendants argue that Dachenhausen entered into the disputed contract with Ash Grove Cement Company, and that they are neither parties to that contract nor in any way responsible for that contract. Br. Mot. Dismiss at 2–3. They assert that Dachenhausen sued them merely to defeat diversity jurisdiction and prevent removal. Resp. Mot. Remand at 1, Doc. No. 18.

Dachenhausen argues that there is a reasonable possibility that subsidiary defendants could be held liable for his breach of contract claim. Resp. Mot. Dismiss at 3–4. He describes the defendants as "a series of interrelated companies" and states that he held a key position within this constellation of companies. *Id*. at 1. He states that Ash Grove Materials Corporation, a non-party to this suit, is a wholly-owned subsidiary of Ash Grove Cement Company, and that in turn the three subsidiary defendants are wholly-owned subsidiaries of

2

Ash Grove Materials Corporation.  *Id*.

Dachenhausen cites *In re Mid-West Metal Products*, a 1981 Kansas bankruptcy case, for the proposition that a subsidiary can be held liable under an employment contract entered between an employee and the parent company.  Br. Mot. Remand at 3–4, Doc. No. 15.  Using a reverse alter-ego analysis, the bankruptcy judge concluded that fairness required the separate corporate existences of the parent company and subsidiary to be disregarded, thus allowing the employee to seek damages from the subsidiary.  *In re Mid-West Metal Products, Inc.*, 13 B.R. 562, 568 (D. Kan. 1981).  In response, the subsidiary defendants assert that Dachenhausen has failed to justify the application of a reverse alter-ego analysis.  Resp. Mot. Remand at 4.  Morever, they contend that *Mid-West Metal Products* is bad law that has been rebuked by the Tenth Circuit and the Kansas District Court.  *Id*. at 4–5.

The subsidiary defendants are dismissed because there is no reasonable basis to conclude that they breached the contract.  *See Bettis v. Hall*, 2011 WL 1430327 at *2–3 (D. Kan. Apr. 14, 2011).  First, there is not a sufficient basis to apply a reverse alter ego analysis because Kansas has never clearly adopted reverse alter ego liability.  *See Minnesota Power v. Armco., Inc.*, 937 F.2d 1363, 1367 (8th Cir.1991) (whether to pierce a corporate veil is a determination governed by state law);  *Floyd v. I.R.S.*, 151 F.3d 1295, 1299 (10th Cir.1998) ("absent a clear statement" by the Kansas Supreme Court permitting reverse-piercing of the corporate veil, a federal court applying Kansas law should not reverse pierce).  Second, *Mid-West Metal Products* is not controlling and no other Kansas court has ever permitted the

application of reverse alter ego liability. *Bettis*, 2011 WL 1430327 at *3.

Even if Kansas law permitted reverse veil piercing, Dachenhausen has failed to provide a sufficient rationale to apply it to the subsidiary defendants. Dachenhausen argues that the subsidiary defendants and Ash Grove Cement Company are interrelated, and that he held a key position within this interrelated group of entities, but he fails to articulate how Ash Grove Cement Company was dominated or controlled by the subsidiary defendants. *See Stoebner v. Lingenfelter*, 115 F.3d 576, 579 (8th Cir. 1997) (in assessing whether a corporate veil should be pierced, a court should analyze whether the corporation functioned as the mere instrumentality of the entities that a party is attempting to reach by piercing). Moreover, Dachenhausen fails to show that injustice or unfairness would result if the corporate veil was left intact. *See id*.

## III.  CONCLUSION

For the foregoing reasons, the motion to dismiss Ash Grove Packaging Group, Precision Packaging, and Materials Packaging Corporation [Doc. No. 8] is granted, and Philip Dachenhausen's motion to remand [Doc. No. 14] is denied.

IT IS SO ORDERED, this 24th day of November, 2020.

UNITED STATES DISTRICT JUDGE

4